The STATE of Ohio, Appellant,

v.

GOODRICH, Appellee.

[Cite as *State v. Goodrich* (1996), 114 Ohio App.3d 645.]

Court of Appeals of Ohio,
Third District, Auglaize County.

No. 2–96–20.

Decided Oct. 17, 1996.

*Garrett Gall,* Auglaize County Prosecuting Attorney, and *Edwin A. Pierce,* Assistant Prosecuting Attorney, for appellant.

*Thomas Ballato,* for appellee.

---

THOMAS F. BRYANT, Judge.

This appeal, submitted on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12. Pursuant to Loc.R. 12, we hereby elect to issue a full opinion in lieu of a judgment entry.

On March 9, 1996, the Wapakoneta post of the Ohio State Highway Patrol received a radio transmission from the Piqua post. The transmission stated that a possible DUI suspect was traveling north on Interstate 75. While the transmission did not describe the driver of the vehicle, it did provide the license plate number and informed the post that the owner of the vehicle had a suspended operator's license.

Sergeant Thomas Brookhart was present at the Wapakoneta Post when the transmission was received and proceeded to the Shelby–Auglaize County line to wait for the aforementioned vehicle. When a vehicle matching the description in the transmission passed Brookhart, he pursued the vehicle. Although Brookhart did not observe a traffic violation or run the license through the BMV records, he initiated a traffic stop. Once the stop was made, Sergeant Brookhart approached the vehicle and smelled the odor of alcoholic beverage upon the driver, George Goodrich. When Goodrich was asked to produce his license, he admitted that he was under suspension for a previous DUI. Upon further investigation and after administering several field sobriety tests, Officer Brookhart arrested the driver for OMVI and driving under a license suspension.

Appellee filed a motion to suppress on April 1, 1996 and supplemented this motion on April 17, 1996. After an evidentiary hearing, the Auglaize County Municipal Court granted appellee's motion and further held:

"[T]he State must show, when a stop is made pursuant to a radio dispatch, that the information held by a police agency as a whole warranted the stop. An officer may make a stop based upon hearsay and informants. However, that information must be presented. In this case, the Sergeant was not communicated the underlying factual information and the State, relying on the prior ruling of the Third District Court of Appeals, did not present any further testimony concerning the underlying factual basis for the stop. * * * The stop is not valid if the government can not show a reasonable, articulable suspicion warranting the stop."

It is from this judgment that the state of Ohio appeals, citing the following assignment of error:

"The trial court committed plain error in overruling the precedent of this court's prior holdings, when the trial court granted the motion to suppress, by requiring the state to attempt to prove the underlying basis of the radio dispatch."

The precedent of this court to which appellant refers are the cases of *State v. Peachey* (June 22, 1994), Auglaize App. No. 2–94–8, unreported, and, *Defiance v. Coressel* (Mar. 3, 1992), Defiance App. No. 4–91–6, unreported, 1992 WL 42804. The state contends that these prior holdings mandate reversal of the lower court's decision to grant defendant's motion to suppress.

Appellee argues that, based on the United States Supreme Court cases of *United States v. Hensley* (1985), 469 U.S. 221, 105 S.Ct. 675, 83 L.Ed.2d 604, and *Whiteley v. Warden* (1971), 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306, his motion to suppress was properly granted. These cases stand for the proposition that when an investigative stop is made on reliance upon the information

contained in a radio dispatch, the admissibility of evidence obtained after the stop turns on whether the officer who issued the dispatch possessed a reasonable suspicion to justify the stop. In this case the state did not establish that the officer at the Piqua post who issued the transmission had information supporting a reasonable suspicion that appellee was engaging in criminal activity. Therefore, appellee argues, appellant did not meet its burden at the suppression hearing and the motion was properly granted.

Appellant does not attempt to distinguish these Supreme Court cases, it merely urges this court to follow our holdings in the unreported cases of *Defiance v. Coressel* and *State v. Peachey*. Finding that these prior decisions are not controlling in the present case, we decline to follow them.

*State v. Peachey* was a case submitted on the accelerated calendar and an unreported decision was rendered by journal entry. Pursuant to Sup.Ct.R.Rep. Ops. 2(G)(1), it is not considered controlling authority except between the parties thereto. We therefore decline to follow its holding.

Furthermore, we decline to apply the holding of *Defiance v. Coressel* because that case is distinguishable from the facts of the present case. In *Coressel*, the defendant challenged his arrest for OMVI on the grounds that the officer lacked specific and articulable facts to justify detaining him when he was in the driver's seat of a parked vehicle. Prior to the arrest, an informant had contacted the Defiance Police Department and described a vehicle being operated by an apparently intoxicated individual. The department issued a radio dispatch and the responding officers went to the scene and spoke with a witness regarding the information contained in the dispatch. This court held that in light of the subsequent apparent corroboration of the radio report by a bystander witness, the responding officer had a sufficiently reasonable and articulable suspicion to investigate the automobile.

█ The case *sub judice* involves facts different from those in *Coressel*. In the present case, the information upon which the officer initiated the investigative stop came solely from the radio dispatch. There was no independent corroboration since the officer neither observed erratic driving nor ran the license through the BMV records before stopping the vehicle.

█ As stated by the United States Supreme Court in the cases mentioned above, the information in a radio dispatch can provide the sole basis for an investigatory stop only when the officer who issued the dispatch had a reasonable suspicion justifying the stop. If the department issuing the dispatch lacked reasonable suspicion, then any evidence found after making the stop would be

inadmissible.[1]  Therefore, when the stop is challenged at a suppression hearing, the burden is on the state to establish the factual basis for the issuance of the dispatch.  *State v. Hill* (1981), 3 Ohio App.3d 10, 3 OBR 10, 443 N.E.2d 198.  In this case, the state failed to meet its burden and the motion to suppress was properly granted.  Appellant's assignment of error is overruled.

Having found appellant's sole assignment of error to be without merit, we affirm the judgment of the Auglaize County Municipal Court granting defendant's motion to suppress.

*Judgment affirmed.*

HADLEY, P.J., and EVANS, J., concur.

---

1.  The court in *Hensley* further added that although the evidence would be inadmissible, the officer who relied on the dispatch "may have a good-faith defense to any civil suit."  *United States v. Hensley*, 469 U.S. at 232, 105 S.Ct. at 682, 83 L.Ed.2d at 614.